**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Justine White, as parent and natural                              Civil No. 05-526 (DWF/JJG)
guardian of Jamie R. Allbright, a minor,

          Plaintiff,

v.                                                                **ORDER AND MEMORANDUM**

Jo Anne Barnhart, Commissioner of
Social Security Administration,

          Defendant.

_____

Benjamin L. Weiss, Esq., Southern Minnesota Regional Legal Services - St. Paul, counsel for Plaintiff.

Lonnie F. Bryan, Assistant United States Attorney, United States Attorney's Office, counsel for Defendant.

_____

This matter is before the Court upon Defendant's objections to Magistrate Judge Jeanne J. Graham's Report and Recommendation dated January 20, 2006, recommending that: (1) Plaintiff Justine White's Motion for Summary Judgment be denied; and (2) Defendant Commissioner's Motion for Summary Judgment be granted, but with remand, to the Commissioner who is ordered to direct the Administrative Law Judge ("ALJ") to provide the required explanation of his consideration of the opinions of Dr. Hawkins and Dr. Main in determining whether Claimant had a functional impairment under the regulations, and whether the Claimant was disabled within the meaning of the Social Security Act, as required under the regulations and the Social Security Administration's own internal policies.

The Court has conducted a *de novo* review of the record, including a review of the arguments and submissions of counsel, pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c).  The factual background for the above-entitled matter is clearly and precisely set forth in the Report and Recommendation and is incorporated by reference for purposes of Defendant's objections.

Based upon the *de novo* review of the record and all of the arguments and submissions of the parties and the Court being otherwise duly advised in the premises, the Court hereby enters the following:

**ORDER**

1.      Defendant's objections (Doc. No. 18) to Magistrate Judge Jeanne J. Graham's Report and Recommendation dated January 20, 2006, are **DENIED**.

2.      Magistrate Judge Jeanne J. Graham's Report and Recommendation dated January 20, 2006 (Doc. No. 17), is **ADOPTED**.

3.      Plaintiff Justine White's Motion for Summary Judgment (Doc. No. 9) is **DENIED**.

4.      Defendant Commissioner's Motion for Summary Judgment (Doc. No. 12) is **GRANTED, but with REMAND**, to the Commissioner who is ordered to direct the Administrative Law Judge to provide the required explanation of his consideration of the opinions of Dr. Hawkins and Dr. Main in determining whether Claimant had a functional impairment under the regulations, and

whether the Claimant was disabled within the meaning of the Social Security Act, as required under the

regulations and the Social Security Administration's own internal policies.

Dated:  February 13, 2006              s/Donovan W. Frank
                                       DONOVAN W. FRANK
                                       Judge of United States District Court


**MEMORANDUM**

The Court adopts Magistrate Judge Jeanne J. Graham's recommendation that the ALJ's

decision be affirmed.  Defendant has filed objections insofar as Magistrate Judge Graham has also

recommended a remand so that the ALJ can provide the required explanation of his consideration of

the opinions of Dr. Hawkins and Dr. Main in determining whether Jamie R. Allbright had a functional

impairment under the regulations and whether Jamie R. Allbright was disabled within the meaning of the

Social Security Act as required under the regulations of the Social Security Administration's own

internal policies.  Defendant states that the portion of Magistrate Judge Graham's decision remanding

the case, for the reasons stated, is contrary to Eighth Circuit precedent.  The Court does not agree.

It is true that the Eighth Circuit has consistently held that a deficiency in opinion writing is not a

sufficient reason for setting aside the administrative finding where the deficiency had no practical effect

on the outcome of the case.  *Senne v. Apfel*, 198 F.3d 1065, 1067 (8th Cir. 1999) (citing *Benskin v.*

*Bowen*, 830 F.2d 878, 883 (8th Cir. 1987)).  This case is legally and factually distinguishable.  First,

Magistrate Judge Graham has not set aside the finding of the ALJ.  However, implicit in her evaluation

and recommendation to the Court is that the ALJ will be able to provide the required explanation of his

3

consideration of the opinions of Dr. Hawkins and Dr. Main in determining whether Jamie R. Allbright

had a functional impairment under the regulations, and whether Jamie R. Allbright was disabled within

the meaning of the Social Security Act.  Implicit in the conclusion of Magistrate Judge Graham that

there is substantial evidence in the record, is the assumption that such an explanation can and will be

provided.  This circumstance distinguishes this situation from those cases cited by the Defendant.  This

is not a case where the Court has reversed the ALJ because of so-called deficient opinion writing.

More importantly, the old-fashioned requirement of "reason-giving" is in many ways, as the

Second Circuit has pointed out in *Snell v. Apfel*, 177 F.3d 128, 134 (2d Cir. 1999), to appropriately

inform a claimant of the reasons for the Court's decision so that they have an understanding of the

decision, especially when a decision is unfavorable.  Such explanations not only help claimants such as

Jamie R. Allbright and Justine White understand the reasons for a decision, even if they take issue with

those reasons, but it can only help to build confidence and trust in the civil justice system when we all

take the time to explain not only the decision itself, but how and why we made the decision.  Certainly,

it cannot be seriously questioned that apart from the regulations and the Social Security

Administration's own internal policies, courts are vested with inherent authority to ensure that

appropriate reasons are articulated for a conclusion reached or a decision made.

For these reasons, while the Court has denied Plaintiff's motion for summary judgment and

granted the Defendant Commissioner's motion for summary judgment, it is with the implicit

understanding that the case is being remanded to the Commissioner so that an explanation can be given,

consistent with the opinion of this Court and that of Magistrate Judge Jeanne J. Graham.

D.W.F.